## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 17CR00237-001 (TSC) |
| | ) | |
| v. | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| EVERICK MOORE, | ) | |
| | ) | Sentencing:  October 5, 2018 |
| Defendant. | ) | The Honorable Tanya S. Chutkan |

The United States of America requests that defendant Everick Moore be sentenced to 30 months in prison, the low end of the United States Sentencing Guidelines ("Guidelines") range, and three years of supervised release, consistent with the Plea Agreement.  The United States further requests that the Court order defendant to pay a $100 special assessment and to forfeit the following property consistent with Paragraph 12 of the Plea Agreement:

(a)     a PTR Industries .308 caliber pistol with serial number DK2248;
(b)     approximately 69 rounds of .308 caliber and 9mm ammunition;
(c)     marijuana;
(d)     marijuana growing equipment;
(e)     digital scales; and
(f)     $3,840 in cash.

### INTRODUCTION

Defendant—then a nine-year employee of the United States Postal Service and a convicted felon—was in possession of a stolen, high-powered, pistol-gripped rifle with a loaded extended magazine and 69 rounds of ammunition in the same residence where his two minor children lived and where he was engaged in a complex marijuana grow operation that violated federal laws and even the permissive D.C. Code.  Furthermore, in a five-year time span, defendant has now twice been arrested in Washington, D.C. with firearms, and now twice claimed that he was merely holding the firearms for other unidentified individuals.  In 2011,

1

defendant was arrested while standing on a public street with a loaded handgun tucked into his waistband. He later claimed that he was holding the firearm for safe keeping and that it belonged to an unidentified drunk friend of his brother. In the instant case, defendant claims—for the first time in his sentencing memorandum—that he was "storing and or secreted" the firearm and ammunition for an unidentified friend displaced from his home.

A sentence of 30 months in prison is reasonable and appropriate both to punish and deter defendant, and to protect the community from defendant's repeated dangerous behavior.

## FACTUAL BACKGROUND

On August 17, 2016, Special Agents from the United States Postal Service, Office of Inspector General, along with other law enforcement, searched defendant's residence in Washington, D.C. pursuant to a federal search warrant. Presentence Investigation Report ("PSR"), ¶ 21. Defendant lived in the residence with his wife and two minor children, who are now 12 and five years old. Id. at ¶ 55. During the search, agents recovered approximately 17 marijuana plants—in excess of the amount permitted for personal possession even under D.C. Code[1]—growing in a basement room equipped with high-intensity purple lights, ventilation and irrigation systems, and a drying apparatus. Id. Throughout the house, agents recovered additional processed marijuana, digital scales, and packaging materials. Id. Agents also recovered approximately $3,840 in cash in at least three separate bundles located throughout the house, including defendant's coat pocket. Id.

In a closet in the master bedroom of the residence, agents recovered a PTR Industries

---

[1]     While marijuana remains illegal under federal law, D.C. Code § 48–904.01 permits an adult to grow no more than six marijuana plants (with three or fewer being mature), and precludes the growing of more than 12 marijuana plants (with six or fewer being mature) in a single residence, regardless of the number of adult occupants. Defendant exceeded both his personal limit and the limit for his residence.

.308 caliber firearm with serial number DK2248 and approximately 69 rounds of .308 caliber and 9mm ammunition.  Id. at ¶ 22.  One extended magazine loaded with 19 rounds of ammunition was recovered with the firearm.  Id.  While the firearm was equipped to fire high-powered rifle bullets, it was equipped with a pistol grip and a short barrel.  (See attached photo.)

According to a trace of the firearm by the Bureau of Alcohol, Tobacco, Firearms and Explosives, the firearm was purchased in Virginia and later stolen from a residence in Maryland, before it was recovered from the defendant's residence in Washington, D.C.  Id. at ¶ 23. Defendant now claims that he was "storing and or secreted" the firearm and ammunition for an unidentified friend displaced from his home, but he provides no further information to verify his claim.

## ARGUMENT

I.  **PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 30 MONTHS IN PRISON AND THREE YEARS OF SUPERVISED RELEASE.**

The parties agree with the Guidelines calculations set forth in the PSR, resulting in an adjusted offense level of 19.  PSR ¶ 43.  The parties further agree with the United States Probation Office's determination that defendant's criminal history—including a prior felony conviction for unlawfully carrying a handgun—qualifies for Criminal History Category I, resulting in a Guidelines range of 30-37 months' imprisonment.  Id. at ¶¶ 46, 88.  The United States recommends a sentence of 30 months in prison.

Notably, defendant requests a sentence of 6-12 months in prison, which—in addition to being substantially lower than the Guidelines range—would be less than the mandatory minimum sentence for the same conduct under D.C. Code § 22-4503(b)(1) (establishing a mandatory minimum sentence of one year).  While this Court is not bound by a mandatory

minimum established by D.C. Code, it provides context for defendant's requested variance in this matter.

**II.     APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 30 MONTHS IN PRISON AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court has noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice."  Rita v. United States, 127 S. Ct. 2456, 2464 (2007).  These factors or considerations include the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further criminal conduct by the defendant.  18 U.S.C. § 3553(a).

**A.  Nature and Circumstances of the Offense.**

As stated, defendant was in possession of a stolen, high-powered, pistol-gripped rifle with a loaded extended magazine and dozens of rounds of additional ammunition.  The firearm in and of itself is extremely dangerous, and there can be no legitimate or innocent explanation for defendant's possession of it.  Indeed, defendant offers only the unsupported excuse that he was "storing and or secreted" the firearm for an unidentified friend.  Even if this excuse were true—which, of course, cannot be verified given its intentional lack of any detail—it raises more questions than answers—*e.g.*, who is the alleged friend, did he/she lawfully possess this stolen firearm, what did he/she intend to do with it, did he/she steal it, why did defendant need to "secret" it?—and does little to mitigate the seriousness of the conduct.

Furthermore, it bears noting that defendant was engaged in a complex and illegal marijuana grow operation in the very same residence in which he possessed the firearm.  And, defendant admits that he is an alcoholic who also used marijuana on a daily basis.  PSR, ¶¶ 65-66.  Narcotics and firearms are all too often a deadly combination.  Likewise, defendant

4

maintained the firearm and the marijuana grow operation in the same residence where his two

minor children lived.  Indeed, defendant had photos on his cellular telephone of his toddler in the

midst of the marijuana grow and playing with a marijuana plant.  While the government does not

seek to enhance the defendant's sentence for his marijuana grow operation, these factors further

demonstrate the danger associated with defendant's possession of the firearm and ammunition in

this case.

Finally, in seeking a downward variance from the Guidelines range, defendant argues that

applying the two-level enhancement for possession of a stolen firearm is an "unfair aggravating

factor," since "the Government has not developed any evidence to demonstrate that the

defendant Moore stole the subject firearm or knew that it was stolen."  This argument has been

rejected by the Sentencing Commission and the courts.  To start, if there was evidence that

defendant stole the firearm, he would be subject to an additional four-level enhancement.  See

U.S.S.G. § 2K2.1(b)(6)(B) and Application Note 14 (discussing application of four-level

enhancement for possession of a firearm in furtherance of another felony when a defendant takes

a firearm during a burglary).

Second, the Guidelines specifically state that the enhancement for possession of a stolen

firearm applies "regardless of whether the defendant knew or had reason to believe that the

firearm was stolen."  See U.S.S.G. § 2K2.1, Application Note 8(B); see also, United States v.

Taylor, 937 F.2d 676, 682 (D.C. Cir. 1991) (upholding application of enhancement without

regard to defendant's knowledge).  In addressing this very issue, courts have stated that the

Guideline is not arbitrary; rather "it bears a rational relationship to the defendant's culpability."

United States v. Mobley, 956 F.2d 450, 456 (3rd Cir. 1992); see also, United States v. Goodell,

990 F.2d 497, 499 (9th Cir. 1993).  "The Commission decided that possessing a stolen gun is a

greater evil than possessing one legally purchased," as "stolen firearms are used disproportionately in the commission of crimes." <u>Id.</u> at 454. Additionally, "stolen or altered firearms in the hands of people recognized as irresponsible [, such as felons prohibited from legally purchasing or acquiring firearms,] pose great dangers, and the guideline here reflects this heightened danger." <u>Id.</u> Contrary to defendant's argument, it would be "unfair" not to recognize this enhancement as it applies to defendant, while it is applied in the sentencing of similarly situated defendants.

**B.  <u>Defendant's Criminal History</u>**

Defendant highlights his "lack of a significant criminal record" in seeking a sentence of less than a quarter of the applicable Guidelines range. While it is true that defendant has sustained only one prior felony conviction, focusing on the fact of the conviction alone ignores its significance.

First, defendant sustained his prior conviction—for unlawfully carrying a handgun on a public street—only five years before his arrest with the firearm at issue in the instant case. This demonstrates that his prior felony conviction had no deterrent effect, and detracts from defendant's argument that the fact of the felony conviction in the instant case is both punishment and deterrent enough. While those who know defendant well "are confident that Defendant Moore will not involve himself in the type of behavior exhibited herein in the future," defendant's repeated criminal conduct belies their confidence.

Second, the facts surrounding defendant's prior conviction are significant and should not be left unaddressed. Police were called to investigate a report of an individual standing on a public street with a handgun tucked into his waistband. PSR, ¶ 45. When officers arrived, they saw defendant leaning on the hood of a car with what appeared to be a handgun in his waistband.

Id.  As officers approached and asked him to raise his hands and slowly lift his shirt, defendant grabbed the handgun in his waistband and attempted to withdraw it, but the officers were able to grab the handgun and detain defendant.  Id.  In connection with his later sentencing, defendant claimed that he was merely holding the firearm for safe keeping and that it belonged to an unidentified drunk friend of his brother.  Defendant's claim then was equally unverifiable to his current, self-serving claim that the instant firearm also belonged to someone else.  Moreover, even if both unsupported claims were true, defendant apparently engaged in the very same criminal conduct within five years of his prior criminal conviction.

Third, defendant points to his age and "commitment to be a productive member of society at this juncture in his life" to support a lesser prison sentence in this matter.  Defendant's criminal history and conduct in the instant case, however, are not the product of youthful indiscretion.  Rather, defendant sustained his first felony conviction when he was 31 years old, and after he had completed substantial higher education and credits toward a university degree, had a successful career in the military and with the United States Postal Service,[2] purchased a home in Washington, D.C., and had a family.  PSR ¶¶ 55, 69, 70, 74, 76.  Likewise, defendant committed the instant offense when he was 36 years old.  Contrary to defendant's argument, his criminal conduct appears to be increasing or at least remaining consistent—rather than decreasing—with advanced age, and despite his career successes and longstanding establishment in his community.

This is all to say that defendant's criminal history and the need to deter his repeated

---

[2] Defendant states that he has recently been cleared to return to work as an employee of the United States Postal Service.  While he may have been medically cleared by his doctor as referenced in the PSR (defendant has been on disability leave since 2014), the government is not aware of defendant having been cleared to return by the United States Postal Service.

criminal conduct warrants a sentence of 30 months in prison, which is still the low end of the

Guidelines range.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court

determine that defendant's Guidelines offense level is 19 and his Criminal History Category is I.

The United States further respectfully requests that, taking into consideration the sentencing

factors set forth in section 3553(a), the Court sentence defendant to 30 months in prison, impose

a three-year term of supervised release, and order defendant to pay a $100 special assessment

and to forfeit the following property:

(a)     a PTR Industries .308 caliber pistol with serial number DK2248;
(b)     approximately 69 rounds of .308 caliber and 9mm ammunition;
(c)     marijuana;
(d)     marijuana growing equipment;
(e)     digital scales; and
(f)     $3,840 in cash.


DATED:  September 27, 2018                          Respectfully submitted,

                                                   ANNALOU TIROL
                                                   Acting Chief, Public Integrity Section

                                                   _____/s/ James C. Mann_____
                                                   JAMES C. MANN
                                                   Trial Attorney
                                                   Public Integrity Section



## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2018, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF System, which will then send a

notification of such filing (NEF) to counsel of record.

_____*/s/ James C. Mann*_____
James C. Mann
Trial Attorney, Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 12th Floor
Washington, D.C. 20005
Tel: (202) 514-1412
James.Mann@usdoj.gov
